IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS DAVIS, | : | |
|     Plaintiff | : | |
| | : | |
|     v. | : | No. 2:02-CV-04519-PBT |
| | : | |
| MARCIA WALDRON, | : | |
| CLERK, UNITED STATES COURT | : | |
| OF APPEALS FOR THE THIRD | : | |
| CIRCUIT, *et al.*, | : | |
|     Defendants | : | |
| | : | |

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS FOR FAILURE TO STATE A CLAIM
<u>PURSUANT TO FED.R.CIV.P. 12(b)(6)</u>

I. <u>INTRODUCTION</u>

        This is a *Bivens* case.[1] The plaintiff, Thomas Davis ("Davis"), is a sentenced prisoner of the Commonwealth of Pennsylvania and is currently immured at the State Correctional Facility at Mercer under No. BZ-9982. The

---

[1] <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 38, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Davis alleges "conspiracy to interfere with civil rights" in his statement of claim, and cites 42 U.S.C. §§ 1985 and 1986. These statutes have no application to federal officers unless they are in concert with state actors. A section 1983 claim against a federal official is a *Bivens* claim; <u>cf.</u> <u>Bolin v. Story</u>, 225 F.3d 1234, 1241-42 (11th Cir. 2000).

defendants are Marcia Waldron, Clerk of the Third Circuit, the Chief Legal Advisor, Bradford A. Baldus, and the Circuit Executive, Toby D. Slawsky.

Davis' complaint demands money damages against the defendants. The "Statement of Claim" in paragraph IV, subpar. C is incomprehensible prisoner nonsense, but a comparison with the pertinent PACER dockets permits some facts to be ascertained and inferences to be drawn.[2] It appears that in May 2000 Davis brought a habeas corpus petition (his fifth) against the warden and other state officials in the district court for the Western District of Pennsylvania; <u>Davis v. Walters</u>, No. 2:00-CV-00884-MBC. Judge Cohill transferred it to the Third Circuit as a successive petition under 28 U.S.C. § 2244.[3]

Davis appealed the transfer, and the Third Circuit docketed this interlocutory appeal at No. 00-2214. The Third Circuit dismissed the appeal (but not the petition) for lack

---

[2]  What Davis proposes to prove at trial is a "conspiracy by a panel of the Third Circuit that perpetrated fraud upon the court...." Complaint, IV-C.

[3]  Prior § 2254 petitions had been filed by Davis in the Western District under docket nos. 90-CV-00915, 91-CV-01605, 93-CV-01217, and 97-CV-00629.

of jurisdiction on April 19, 2001.[4]

The Third Circuit then docketed Davis' petition as an application to file a second or successive petition, at Third Circuit No. 01-1963. On October 22, 2001 the panel denied leave to file the habeas petition pursuant to § 2244(b)(1).

Sometime prior to May 30, 2002 Davis attempted to file what he captioned a "Motion for Relief From Judgment or Order" with the Court of Appeals. On May 30, 2002 Mr. Baldus, writing for Ms. Waldron, sent Davis a letter in response. The letter advised Davis that no further filings, including his "Motion for Relief," would be docketed in the case. Mr. Baldus' letter advised Davis that there was a statutory prohibition of reconsideration of denials at 28 U.S.C. § 2244(b)(3)(E).

Neither discouraged nor deterred by Mr. Baldus' letter, Davis then decided to omit the Clerk's Office entirely from the filing sequence, and sent his next paper (evidently another motion) directly to one of the circuit judges. Defendant Baldus again wrote to Davis, telling him

---

[4] Curiously, Davis sought *certiorari*; the Supreme Court affirmed this dismissal without comment. 122 S.Ct. 106, 151 L.Ed.2d 64.

-3-

that the attempted evasion had been thwarted, and that "further submissions ...will be futile." Letter of September 5, 2002.[5]

The Western District Docket, the Court of Appeals dockets, and the two letters are appended as Exhibits 1-5 respectively.

Davis' suit evidently arises from defendant Baldus' actions in short-circuiting further frivolous litigation in Davis' latest § 2254 case. The complaint says that "defendants acting under color of law...have continued to sentiently interfere...as well as refusing to file and present court records...." Complaint, Statement of Claim, pages 3-4.

Because in "refusing to file" Davis' motions the defendants were acting in a quasi-judicial capacity, they are immune from money damages and the complaint must be dismissed as frivolous.[6]

---

[5] Davis had already filed this suit. After receiving Mr. Baldus' September 5 letter, Davis promptly filed a "motion for relief" in the Western District. Judge Cohill denied it on September 16, 2002, and denied a "motion for reconsideration" on October 7, 2002.

[6] Davis is a recreational litigator of some prolificity. In addition to the five § 2254 petitions, Davis has brought § 1983 and

-4-

II. <u>ARGUMENT</u>

         Davis is a prisoner suing government officers, and under the Prisoner Litigation Reform Act (PLRA) the Court must review his complaint at the earliest opportunity to determine if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief," with a view to dismissing it; 28 U.S.C. § 1915A.[7] This is so even if the inmate has paid the filing

---

        related actions in <u>Davis v. City of Pgh Police</u>, No. 90-CV-01792 (W.D.Pa.), *appeal dismissed,* No. 92-3738 (3d Cir. 1993); <u>Davis v. Jacob</u>, No. 93-CV-05328 (E.D.Pa.), *appeal defaulted,* No. 93-2063 (3d Cir. 1993); <u>Davis v. Pogirski</u>, No. 93-CV-06207 (E.D.Pa.); <u>Davis v. Lehman</u>, No. 95-CV-00461 (W.D.Pa.), *aff'd*, No. 95-3502 (3d Cir. 1996); and <u>Davis v. Superior Court</u>, No. 99-CV-00842 (W.D.Pa.), *appeal defaulted,* No. 99-3607 (3d Cir. 1999). According to the dockets, Judge DuBois dismissed <u>Jacob</u> as frivolous, and dismissed <u>Pogirski</u> possibly for failure to state a claim. When dismissed, the instant case should be Davis' "third strike" under the PLRA; 28 U.S.C. § 1915(g).

[7]    Section 1915A reads in pertinent part as follows:
The court shall review ... as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or

fee; see Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*) (holding that § 1915A applies even when a prisoner has paid the required filing fee); Ricks v. Mackey, 141 F.3d 1185 (Table), 1998 WL 133828 (10th Cir. Mar. 25, 1998) (same); McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997) (same).[8]

The standard for frivolous prisoner complaints is whether the complaint states a claim upon which relief may be based under Fed.R.Civ.P. 12(b)(6). See Neal v. Pennsylvania Bd. of Probation and Parole, No. 96-7923, 1997 WL 338838, *1 (E.D. Pa. Jun. 19, 1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing

---

fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) and (b). See also 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief").

[8] Davis is proceeding *in forma pauperis* and his complaint is also subject to dismissal at any time for frivolousness under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c), which are "... applicable throughout the entire litigation process;" McGore v. Wrigglesworth, *supra*, 114 F.3d at 608.

claim under § 1915A). Accordingly, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (interpreting the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. <u>See</u> <u>Deutsch v. United States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

        Davis' complaint is that Mr. Baldus, and by extension the Clerk and the Circuit Executive, refused to docket any further filings in his habeas case following its dismissal. In doing so they were operating pursuant to a statute, 28 U.S.C. § 2244(b)(3), which forbids motions analogous to Fed.R.Civ.P. 60(b) following denial of a habeas petition, whether denominated "relief from judgment" or otherwise.  Davis' complaint acknowledges that the defendants were acting within their jurisdiction (<u>see</u> Complaint, page 3, noting that defendants were "...acting under color of law,"). Clearly Mr. Baldus was operating as an extension of the judges of the Third Circuit, because had

the "motion for relief" been docketed the panel would have denied it out of hand. Accordingly, the court officials are entitled to absolute immunity (that is, immunity from suit) because their conduct was "quasi-judicial." Harris v. Suter, 3 Fed.Appx. 365, 366, 2001 WL 111586, **1 (6th Cir. Feb. 1, 2001)(Clerk of Supreme Court entitled to absolute quasi-judicial immunity in refusing to file a nonconforming certiorari petition).

A court official cloaked with quasi-judicial immunity is immune from suit. Immunity from suit means immunity from damages. A lawsuit filed against persons immune from suit is frivolous, and fails to state a claim. See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 772-73 (3d Cir. 2000) (court administrator entitled to immunity for damages for release of information ordered by a judge); Davis v. Philadelphia County, 195 F.Supp.2d 686, 688 (E.D.Pa. 2002)(Joyner, J.)(citing Marcedes v. Barrett, 453 F.2d 391, 391 (3d Cir. 1971) in holding that judicial or quasi-judicial immunity applied to "court staff"); see also Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). Accord Alkire v. Irving, - F.3d -, 2002 WL  31059608, *9 (6th Cir.  Sep. 18, 2002) (The Clerk's office operates in

close conjunction with judges and as such, is cloaked in absolute judicial immunity, and its own quasi-judicial immunity); In re Castillo, - F.3d -, 2002 WL 31001886, *10 (9th Cir. Sep. 6, 2002)(judge's clerk was also immune from suit because his functions were "quasi-judicial" in nature); Bodell v. McDonald, 4 Fed.Appx. 276, 278-79, 2001 WL 137557 (6th Cir. Feb. 7, 2001)) (Clerk immune).

III. CONCLUSION

     For the foregoing reason, Davis' complaint must be dismissed as frivolous.

                        Respectfully submitted,

                        PATRICK L. MEEHAN
                        United States Attorney

                        _____
                        JAMES G. SHEEHAN
                        Assistant United States Attorney
                        Chief, Civil Division

                        _____
                        STEPHEN J. BRITT
                        Assistant United States Attorney