IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
THOMAS DAVIS,                       :
     Plaintiff                      :
                                    :
          v.                        :    No. 2:02-CV-04519-PBT
                                    :
MARCIA WALDRON,                     :
CLERK, UNITED STATES COURT          :
OF APPEALS FOR THE THIRD            :
CIRCUIT, et al.,                    :
     Defendants                     :
                                    :
```

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AMENDED COMPLAINT FAILURE TO STATE
A CLAIM PURSUANT TO FED.R.CIV.P. 12(b)(6)

I. INTRODUCTION

This is a *Bivens* action brought against officers of the Third Circuit. The background of the case is set out at length in the defendant's memorandum in support of Motion To Dismiss, filed on October 15, 2002 (docket item 11).

Consistent with Circuit precedent, on February 5, 2003 the Court gave leave to Davis to file an amended complaint in the case. See Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). Davis filed the amended complaint on February 19, 2003. On April 8 and April 9, 2003 Davis fled papers which appear to relate to Fed.R.Civ.P. 55.

-1-

II. ARGUMENT

The defendants are clothed with quasi-judicial immunity. Davis' case (including the "amended complaint") must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Quasi-judicial immunity is "absolute" immunity, which means among other things that it cannot be overcome by more artful pleading. Cf. Grayson, 293 F.3d at 113 (providing for leave to amend complaint that "may have merit" but was "inartfully pled"). In contrast to the facts in Grayson, this case had no merit *ab initio*, and any amendment was futile. Because no set of circumstances can pierce the defendants' immunity, it follows perforce that Davis cannot state any. Cf. Fed.R.Civ.P. 12(b)(6), 28 U.S.C.A.

Congress enacted the Prisoner Litigation Reform Act (PLRA) with a view to reducing the demands on the courts from vexatious "recreational" litigation by bored inmates like Davis. Hadix v. Johnson, 230 F.3d 840, 844 (6th Cir. 2000); Grayson, 393 F.3d at 114 n. 18. The PLRA was intended to improve access to the courts by law-abiding citizens with legitimate claims. Id. Davis' claims are nothing more than prisoner nonsense from a "frequent filer,"

and are a distraction for the court officials named as defendants, as well as for the United States Attorney's Office which must respond to the filings. Accordingly, the defendants pray that the Court dismiss the case at its earliest convenience.

The defendants also request that the Court's dismissal order specifically note that the dismissal is a "strike" pursuant to 28 U.S.C. § 1915(g).

III. CONCLUSION

For the foregoing reason, Davis' complaint must be dismissed as frivolous.

>     Respectfully submitted,
>
>     PATRICK L. MEEHAN
>     United States Attorney
>
>     _____
>     VIRGINIA A. GIBSON
>     Assistant United States Attorney
>     Chief, Civil Division
>
>     _____
>     STEPHEN J. BRITT
>     Assistant United States Attorney

*Certificate of Service*

I certify hereby that on the 28th Day of April 2003 I personally served or caused to be served a copy of the attached Defendants' Motion To Dismiss The Amended Complaint As Frivolous, addressed to:

        Thomas DAVIS   BZ-9982
        State Regional Correc. Facility at Mercer
        801 Butler Pike
        Mercer PA           16137-5699

by first-class mail service upon plaintiff..

        _____
        STEPHEN J. BRITT
        Assistant United States Attorney
        615 Chestnut Street
        Philadelphia, PA 19106-4476
        (215) 861-8443
        (215) 861-8642 facsimile