IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
THOMAS DAVIS,                       :
     Plaintiff                      :
                                    :
          v.                        :    No. 2:02-CV-04519-PBT
                                    :
MARCIA WALDRON,                     :
CLERK, UNITED STATES COURT          :
OF APPEALS FOR THE THIRD            :
CIRCUIT, et al.,                    :
     Defendants                     :
                                    :
```

DEFENDANTS' OPPOSITION TO "MOTION FOR RECONSIDERATION"

I. BACKGROUND

         The plaintiff is a sentenced prisoner of the Commonwealth who has brought a *Bivens* claim against federal court officers. On April 26, 2003 the Court denied Thomas' Rule 55 motion, which alleged a procedural default. Thomas has filed the instant motion under Fed.R.Civ.P. 59(e), seeking to amend the order dismissing his Rule 55 claim.

II. ARGUMENT

         The purpose of a motion for "reconsideration" under Fed.R.Civ.P. 59(e) is to correct manifest errors of law or fact or to present newly discovered evidence. See

General Instrument Corp. v. Nu-Tek Electronics, 3 F.Supp.2d 602, 606 (E.D.Pa. 1998), aff'd, 197 F.3d 83 (3d Cir. 1999). A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A Rule 59(e) motion, however, is not intended as a vehicle for a party unhappy with the Court's ruling to reargue the merits with regard to issues already decided. North River Insurance Co., 52 F.3d at 1218.

The plaintiff has filed a motion captioned "motion for reconsideration of default judgment." While otherwise incomprehensible, the motion does not point to intervening changes in law or newly discovered evidence. Instead, Thomas' motion appears to question the Court's observation that the docket reflects a pending motion under Fed.R.Civ.P.

12(b) to dismiss his first complaint.[1]

This motion must be denied. As set out in the defendants' Rule 12(b) motions, since any claim any sentenced prisoner could have against the defendant court officers is frivolous, it follows that any assertion made by Thomas is frivolous as well. No number of amended complaints, nor any theory conceived by Thomas or his fellow recreational litigants at SCI Mercer, can do what cannot be done, and that is overcome the defendants' immunity to the claim. Rule 55(e) reinforces this result; Congress has barred purely procedural defaults against federal officials. That Thomas thinks this Court "erroneously viewed" (Motion, p. 2, ¶ 8) some aspect or other of his case is simply beside the point; there can be no "manifest injustice" for Rule 59(e) purposes because there is no claim.

---

[1] Thomas' theory appears to be that he is entitled to a default because the government's motion goes only to his original complaint, and not his amended complaint. As is evident from his papers, Thomas has failed to acquaint himself with Fed.R.Civ.P. 55(e), nor has he made any attempt to meet the default standard prescribed in that rule.

III. <u>CONCLUSION</u>

       For the foregoing reasons the motion must be denied.

                              Respectfully,

                              PATRICK L. MEEHAN
                              United States Attorney

_____VIRGINIA A. GIBSON
                              Assistant United States Attorney
                              Chief, Civil Division

                              _____
                              STEPHEN J. BRITT
                              Assistant United States Attorney

## *Certificate of Service*

I certify hereby that on the  12th   Day of  May, 2003  I personally served or caused to be served a copy of the attached Defendants' Opposition to Motion For Reconsideration Pursuant  to  Rule 59(e),  addressed to:

        Thomas  DAVIS   BZ-9982
        State Regional Correc. Facility at Mercer
        801 Butler Pike
        Mercer  PA            16137-5699

by first-class mail service upon plaintiff..

        _____
        STEPHEN J. BRITT
        Assistant United States Attorney
        615 Chestnut Street
        Philadelphia, PA 19106-4476
        (215) 861-8443
        (215) 861-8642 facsimile