IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS DAVIS : | |
|     Plaintiff, : | |
| : | CIVIL ACTION NO. 02-CV-4519 |
| v. : | |
| : | |
| MARCIA M. WALDRON, ET AL., : | |
|     Defendants : | |

**MEMORANDUM AND ORDER**

**TUCKER, J.**                                                                                                       **July 30, 2003**

    Plaintiff is a sentenced prisoner of the Commonwealth of Pennsylvania and is currently serving his sentence at the State Correctional Facility at Mercer. The defendants are Marcia Waldron, Clerk of the Third Circuit, Bradford A. Baldus, the Chief Legal Advisor, and Toby D. Slawsky, the Circuit Executive. In Plaintiff's Complaint, Plaintiff demands monetary damages against the defendants. In May 2000, Plaintiff brought his fifth habeas corpus petition against the warden and other state officials in the District Court for the Western District of Pennsylvania. Judge Cohill transferred it to the Third Circuit as a successive petition under 28 U.S.C. § 2244. Plaintiff appealed the transfer, and the Third Circuit docketed this interlocutory appeal. Thereafter, the Third Circuit dismissed the appeal, but not the petition, for lack of jurisdiction on April 9, 2001. The Third Circuit then docketed Plaintiff's petition as an application to file a second or successive petition. The panel of Judges denied leave to file the habeas petition pursuant to Section 2244(b)(1) on October 22, 2001.

    Prior to May 30, 2002, Plaintiff attempted to file what he captioned a "Motion for Relief From Judgment or Order" with the Court of Appeals. On May 30, 2002, Mr. Baldus, writing for Ms. Waldron, sent Plaintiff a letter in response, advising Plaintiff that no further filings, including his

"Motion for Relief," would be docketed in his case. Mr. Baldus also advised Plaintiff that there was a statutory prohibition of reconsideration of denials at 28 U.S.C. § 2244(b)(3)(E). Davis decided to ignore Mr. Baldus's letter and omit the Clerk's office entirely from the filing sequence, and he sent his motion directly to one of the Circuit judges. Mr. Baldus wrote the Plaintiff a second letter, telling him that the attempted evasion had been thwarted, and that "further submissions...will be futile."

This action arises from Defendants' actions in refusing to file Plaintiffs' motions and short-circuiting further frivolous litigation. This Court finds that the Defendants were acting within a quasi-judicial capacity and are immune from monetary damages. Therefore, this Court will dismiss Plaintiff's complaint as frivolous.

**AND NOW**, this 30th day of July 2003, upon consideration of Defendants' Motion to Dismiss Plaintiff's Complaint as Frivolous (Docs. 11 and 22) and Plaintiff's Response thereto (Doc. 26), **IT IS HEREBY ORDERED and DECREED** that the Motion is **GRANTED**. Plaintiff's Complaint is Dismissed as Frivolous.

BY THE COURT:

_____
**Hon. Petrese B. Tucker, U.S.D.J.**