```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


THOMAS DAVIS,                      :
     Plaintiff,

                                   :
     v.                                 Civil Action No. 02-CV-4519
                                   :


MARCIA M. WALDRON, et al.,         :
          Defendants
```

### DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT "FOR FRAUD UPON THE COURT"

Plaintiff's latest motion is just as frivolous as his complaint. He asserts a novel theory of "fraud upon the court" by the court because he disagrees with the court's ruling in the case. He raises no new issues or grounds to set aside this Court's Memorandum and Order of July 30, 2003.

The Court has already ruled on the issue plaintiff raises again in this latest motion, namely that defendants' should be held in default for failing to file an answer to his complaint or amended complaint. On April 25, 2003, this Court denied plaintiff's Motion for Judgment on the grounds that defendants had filed a motion to dismiss plaintiff's complaint as frivolous on October 15, 2002 which was still outstanding, therefore, no answer was due.

Should plaintiff be claiming that defendants failed to file another motion to dismiss to his Amended Complaint, he still

fails to assert any grounds to set aside the final decision for three reasons: 1)he never filed his amended complaint on time per the Court's order of January 30, 2003 which required him to file by February 14, 2003 (he did not file until February 19, 2003 according to the docket entries in this case); 2)his second Amended Complaint simply "clarifies" the first complaint and raises no new issues which would require a second motion to dismiss; and 3) the Third Circuit has adopted a policy disfavoring default judgments and encouraging decisions on the merits which is what this Court did.

The Court initially issued an Order on December 17, 2002, ordering plaintiff to file his amended complaint by January 6, 2003.  Plaintiff did not do so.  Then the Court issued another Order on January 30, 2003, giving plaintiff another chance to get his amended complaint filed on or before Friday, February 14, 2003.  The Order says, "If plaintiff fails to file his amended complaint by the above date, the parties shall proceed on Plaintiff's original complaint filed on October 1, 2002 (Doc.10), and the Court will take under advisement Defendant's Motion to Dismiss the original complaint.  Plaintiff did not file his amended complaint until February 19, 2003.

His original complaint was never superceded by plaintiff's amended complaint filed on February 19, 2003 because it was beyond the time for filing in the Court's order of January 30, 2003 and because the amended complaint said nothing new.  As

plaintiff himself noted in his Motion for Leave to File An Amended Complaint, he only wanted to "clarify" his original and first amended complaint and attach some more documents.  All the issues raised in his amended complaint were addressed by Defendant's in their Motions to Dismiss filed on October 15, 2002 and merely reiterated on April 28, 2003.  The Court's ruling combines these two motions to dismiss (Doc 11 and 22) and considered plaintiff's response which references his amended complaint (Doc 26 filed on May 14, 2003) in reaching its decision to dismiss the complaint as frivolous on July 30, 2003.

Plaintiff seems to claim that he was entitled to a default judgment because defendants belatedly responded to his Amended Complaint.  Even if, <u>arguendo,</u> the Motion to Dismiss the Amended Complaint was technically late, entry of a default would be inconsistent with the equitable guidelines established by the Third Circuit.  <u>See</u> <u>e.g.</u>, <u>Duncan v. Speach</u>, 162 F.R.D. 43, 45 (E.D. Pa. 1995); <u>Holloway v. Kemp</u>, 1995 WL 71228 (E.D. Pa. 1995); <u>Walsh v. Smith Kline Beckman, et. al.</u>, 1990 WL 76460 (E.D. Pa 1990).  The foregoing cases stand for the proposition that, even when a party may technically be in default, a court should not summarily enter an order of default.  Rather, a court should balance the equities, scrutinizing the conduct of the party failing timely to act against any prejudice imposed upon the adversary.  There was no prejudice to plaintiff because: 1)his amended complaint was filed too late per the Court's order of

January 30, 2003; 2) all the issues raised in either his original complaint or his "clarification" with extra documents which he filed as an Amended Complaint were already addressed in the Motion to Dismiss; and 3) he suffered no prejudice whatsoever.

The Third Circuit has adopted a policy disfavoring default judgments and encouraging decisions on the merits. <u>Harad v. Aetna Casualty and Surety Co.</u>, 839 F.2d 979, 982 (3d Cir. 1988); <u>United States v. $55,518.05 in U.S. Currency</u>, 728 F.2d 192, 195 (3d Cir. 1984). This Court properly ruled on the merits of plaintiff's complaint, including any "clarification" or attachments in his "Amended Complaint" and plaintiff has provided no basis for setting aside the ruling.

        Respectfully submitted,

        Patrick L. Meehan
        United States Attorney

        _____
        Joan K. Garner
        Assistant U.S. Attorney
        Deputy Chief, Civil Division

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22nd day of August, 2003 I forwarded by first class mail, postage pre-paid a true and correct copy of the foregoing Defendant's Brief in Opposition to Plaintiff's Motion To Set Aside Judgment For Fraud Upon The Court to:

>Thomas Davis, pro-se
>Number BZ9982
>801 Butler Pike
>Mercer, PA 16137

>_____
>Joan K. Garner
>Assistant U.S. Attorney
>Deputy Chief, Civil Division